United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| KELLY A. ROSENBERG f/k/a KELLY A. BALTAS,<br>　　　　　　　　　　Plaintiff<br><br>vs.<br><br>WELLS FARGO BANK N. A., AS TRUSTEE FOR<br>CERTIFICATEHOLDERS OF BANC OF AMERICA<br>ALTERNATIVE LOAN TRUST 2005-6, MORTGAGE<br>PASS-THROUGH CERTIFICATES, SERIES 2005-6, and<br>NATIONSTAR MORTGAGE, LLC,<br>　　　　　　　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION<br>No. 16-10127-TSH |

## MEMORANDUM OF DECISION AND ORDER FOR JUDGMENT
September 13, 2016

**HILLMAN, D.J.**

### Background

Plaintiff, Kelley A. Rosenberg f/k/a Kelly A. Baltas ("Rosenberg"), has filed suit against Wells Fargo Bank, N. A., as Trustee For Certificateholders Of Banc Of America Alternative Loan Trust 2005-6, Mortgage Pass-Through Certificates, Series 2005-6 ("Wells Fargo") and Nationstar Mortgage LLC ("Nationstar" and together with Wells Fargo, "Defendants") seeking a declaratory judgment that Wells Fargo cannot utilize the statutory remedy under Mass.Gen.L. ch. 244, §14 (Count I). Rosenberg also asserts claims against Defendants for violation of Massachusetts regulations (209 C.M.R. 18.21(A)(2) and 209 C.M.R. 18.22) and the Massachusetts Consumer Protection Act, Mass. Gen. L. ch. 93A ("Chapter 93A")(Count II), and

slander of title (Count III).   Rosenberg seeks an order prohibiting Wells Fargo from foreclosing on her residence at 13 Ward Street, Southboro, Massachusetts (the "Property") and an award of monetary damages, including punitive damages under Chapter 93A. This Order addresses Defendants' Motion to Dismiss Plaintiff's Complaint (Docket No. 10) for failure to state a claim. For the reasons set forth below, that motion is *granted*.

## Facts

On March 25, 2005, Rosenberg obtained a loan in the amount of $354,000 from Bank of America, N.A. to refinance the Property.  She executed a note in the amount of $354,000 (the "Note") in favor of Bank of America.  The Note was endorsed to Wells Fargo Bank, as Trustee, by Bank of America.  As security for her obligations under the Note, Rosenberg executed a mortgage in favor of Bank of America in the principal amount of $354,000 (the "Mortgage") which encumbered the Property. The Mortgage was recorded at the Worcester County Registry of Deeds (the "Registry"). Although it is not explicit in the Complaint, the Court infers that at some point, Rosenberg defaulted on the Note.

On April 24, 2014, Bank of America assigned the Mortgage to Wells Fargo (the "Assignment") and on May 1, 2014, the Assignment was recorded at the Registry. After the Assignment to Wells Fargo, Nationstar, the loan servicer, sent correspondence to Rosenberg's counsel on May 26, 2015, enclosing copies of the endorsed Note and the recorded Assignment, and informing her (Rosenberg) that Wells Fargo was the current owner of the Note. On December 15, 2015, Wells Fargo's counsel sent a copy of the "Legal Notice Mortgagee's Sale of Real Estate" that was going to be published in the Worcester Telegram & Gazette to Rosenberg. The notice stated that the Property would be sold at public auction on January 6, 2016 at 12 PM. Rosenberg then filed her Complaint in the Massachusetts Superior Court, together with an

emergency motion for temporary restraining order/preliminary injunction (the foreclosure sale was cancelled pending the court's ruling). The motion was denied on the grounds that Rosenberg had failed to establish a likelihood of success on the merits. The case was thereafter removed to this Court.

## Standard Of Review

On a Rule 12(b)(6) motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm, LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (internal quotations and original alterations omitted). "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernàndez v. Fortuño-Burset*, 640 F.3d 1, 13 (1st Cir. 2011).

**Discussion**

Rosenberg's allegations in the Complaint are vague and confusing and the rambling, disorganized argument contained in her opposition to the motion to dismiss provides little clarification. It appears that she is alleging that conveyance of a legal interest in the Mortgage to Wells Fargo contravened the controlling terms of the operative trust documents and therefore, Wells Fargo does not have an ownership interest in the Mortgage. For that reason, she contends, Wells Fargo does not now, and cannot in the future, meet the statutory requirements which are a precondition to utilizing the statutory power of sale remedy under Mass. Gen. L. ch. 244, § 14. Put another way, Rosenberg is asserting that the purported Assignment from Bank of America to Wells Fargo on April 24, 2014 is invalid because it violated the terms of the Trust's Pooling and Servicing Agreement. At the hearing and in Rosenberg's opposition brief, her counsel argues that Defendants have misconstrued the legal nature of her claims which are distinct from a long line of cases in this Circuit and the Massachusetts state court that have held that litigants in her position do not have standing to challenge the assignment of mortgages based on the alleged non-compliance with the Pooling and Service Agreement. In all probability, the opaqueness of Rosenberg's factual assertions and the befuddling legal arguments propounded in support of her claims are nothing more than a futile attempt to mask the reality that her case is not distinguishable. As the First Circuit has oft repeated, "where litigants attempt to repackage 'old wine in a new bottle … we see no point in decanting it again.'" *Serra v. Quantim Serv. Corp.*, 747 F.3d 37, 40 (1st Cir. 2014)(quoting *Culhane v. Aurora Loan Srvs. Of Nebraska*, 708 F.3d 282 (1st Cir. 2013)) (alteration in original). Because Rosenberg lacks standing to challenge the

Assignment, she has failed to state a plausible claim in Count I of her complaint for declaratory judgement.[1] Rosenberg's Chapter 93A and slander of title claims are equally without merit.

For the reasons stated above, I find that Rosenberg has failed to assert claims that are plausible on their face. Therefore, Defendants' motion to dismiss is granted.

## Conclusion

Defendants' Motion to Dismiss Plaintiff's Complaint (Docket No. 10) is ***granted***.

                                            */s/ Timothy S. Hillman*
                                            TIMOTHY S. HILLMAN
                                            DISTRICT JUDGE

---

[1] Rosenberg's attempt to invoke New York law, specifically of N.Y. Est. Powers & Trusts Law § 7–2.4 (acts of trustee are voidable not void) is unavailing.  First, Rosenberg has failed to include any legal analysis to support her contention that New York law should apply over Massachusetts law for purposes of determining whether she has standing to challenge the Assignment.  Additionally, the vast majority of courts to consider issue have determined that despite the express terms of N.Y. Est. Powers & Trusts Law § 7–2.4, under New York Law, acts of trustee are voidable not void.  For that reason, even I were to find that New York law applies, she would lack standing to challenge the Assignment.